IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 24-34-M-DWM |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| STEVENSON METELUS, | |
| Defendant. | |

On February 12, 2025, a jury found Defendant Stevenson Metelus guilty of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). Both at the close of the government's case and at the close of all evidence, Metelus moved under Rule 29 of the Federal Rules of Criminal Procedure for a judgment of acquittal. The Court reserved ruling on the motion pursuant to Rule 29(b). For the reasons stated below, both iterations of Metelus' Rule 29 motion are denied because the conviction is supported by sufficient evidence.

For Metelus to be found guilty of the above charge, the government must prove the following beyond a reasonable doubt (1) that Metelus used a means of interstate commerce, including the Internet or a cellular phone, to knowingly attempt to persuade, induce, entice, or coerce an individual to engage in sexual activity; (2) he believed that the individual was under the age of 18; (3) that if the

1

sexual activity had occurred, any person could have been charged with a criminal offense under the laws of the State of Montana; and (4) he took a substantial step toward committing the crime. *See* 18 U.S.C. § 2422(b); Manual of Model Criminal Jury Instructions for the Ninth Circuit (2023 ed.), § 20.29 (revised Mar. 2024); *United States v. Meek*, 366 F.3d 707, 718 (9th Cir. 2004); Final Jury Instruction No. 14.

Metelus argues that the government failed to present evidence sufficient to sustain a conviction as to the first and second elements of the offense. Specifically, Metelus argues that the government had not presented any evidence that he knowingly attempted to persuade, induce, entice, or coerce a minor, and that it had not presented sufficient evidence that Metelus believed the individual at issue to be under 18 years of age. Neither argument is persuasive.

## ANALYSIS

Rule 29 requires a court to enter a judgment of acquittal when "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In ruling on a motion for judgment of acquittal under Rule 29, a court views the evidence in the light most favorable to the government, deciding whether a rational jury could find the defendant guilty beyond a reasonable doubt. *United States v. Johnson*, 297 F.3d 845, 868 (9th Cir. 2002) (explaining that a Rule 29 motion should be granted "only if viewing the evidence in the light most favorable to the government, and

granting to the government all reasonable inferences that may be drawn from the evidence, no rational trier of fact could find beyond a reasonable doubt that the defendant committed the crime"). "If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). Applying this standard, there was sufficient evidence at both the close of the government's case and at the end of the proof to sustain Metelus' conviction.

## I.     First Element

To sustain Metelus' conviction, the government must have presented sufficient evidence that Metelus used a means of interstate commerce, including the Internet or a cellular phone, to knowingly attempt to persuade, induce, entice, or coerce an individual to engage in sexual activity. The government presented Metelus' chat messages with "Lisa," a persona of a 14-year-old girl selling sex created by FBI Special Agent Eisner. (Ex. 5). Metelus initiated the conversation with Lisa and inquired into her "specials" to which she responded, "I don't know if I have specials" but that "[s]ex and sucking r good." (*Id.* at 1.) Lisa then stated that she is 14 years old, to which Metelus responded, "[y]ou're 14?" (*Id.* at 2.) Lisa confirmed her age, and Metelus stated "[h]mmm [i]dk." (*Id.* at 3.) In her next message, Lisa said, "[o]k, I get it. I don't want any trouble." (*Id.*) Metelus then responded, "U have a hotel room???" Viewing this exchange in a light most

favorable to the government, Lisa demonstrated hesitation and restraint regarding her offer of sex, and Metelus, having already acknowledged that she was 14 years old, responded to further the arrangement by inquiring where the discussed sexual conduct would occur. Further, throughout the chat Metelus reinitiated the conversation with Lisa by double texting her. A reasonable jury could find that the evidence of Metelus' conduct is sufficient to establish that he attempted to persuade, induce, or entice Lisa. *See United States v. Robertson*, 895 F.3d 1206, 1219 (9th Cir. 2018) ("The government may charge in the conjunctive and prove in the disjunctive.").

Later in the conversation, Metelus discusses payment terms. Using what government witnesses[1] testified was common lingo in sex work, Metelus stated that he wanted "company" and that he would "donate for [that] company." (Ex. 5 at 8.) Metelus also asked Lisa if she had a pimp. (*Id.* at 9.) A reasonable jury could also find that Metelus' statement that he would pay, or "donate to," Lisa for "company" constituted persuasion, inducement, or enticement.

Accordingly, viewing this evidence in a light most favorable to the government, a reasonable jury could find there is sufficient evidence that Metelus used a means of interstate commerce, including the Internet or a cellular phone, to

---

[1] FBI Special Agent Aaron Eisner; FBI Special Agent Brandon Walter; FBI Task Force Officer Guy Baker.

knowingly attempt to persuade, induce, or entice an individual to engage in sexual activity.

## II.  Second Element

To sustain Metelus' conviction, the government must also have presented sufficient evidence that Metelus believed that Lisa was under the age of 18.

The government presented Lisa's advertisement selling sex, which contained four different photographs of Lisa, which were computer-generated images to represent the persona of Lisa. (Exs. 2, 3; Eisner.) Metelus' browser history shows that at 10:35 A.M., Lisa's ad was visited on his phone. (Ex. 14 at row 205.) At 10:36 A.M., Metelus messaged Lisa. (Ex. 5 at 1.) Based on the individual depicted in these photographs, a rational jury could find that these pictures were of a child, specifically a girl under the age of 18, and that Metelus saw these pictures based on his browser history, response time, and the message to Lisa beginning their conversation.

When Metelus later called Lisa, he stated "I can't believe you're 14." (Ex. 8.2.) However, a reasonable jury could understand this response to be bewilderment not actual disbelief that Lisa was 14 years old. This is because the government's evidence shows that Metelus chose to go meet Lisa despite knowing her age, and he treated her differently than he treated other adult sex workers. In Metelus' interview with the FBI, he stated that on the day in question, he was

5

attempting to engage adult sex workers in commercial sex, but denied he was attempting to do the same with Lisa. (Ex. 12.) Metelus' own statements in this interview demonstrate that he both treated and spoke about Lisa differently than other adult sex workers. Further Metelus referred to his actions towards Lisa as a "terrible mistake" in his interview. (*Id.*) Therefore, a reasonable jury could find Metelus actually believed Lisa was under the age of 18, and that is why he spoke about her differently and described his decision to meet her as a "terrible mistake."

Accordingly, viewing this evidence in a light most favorable to the government, a reasonable jury could find there is sufficient evidence that Metelus believed that Lisa was under the age of 18.

## CONCLUSION

Based on the foregoing, Metelus' conviction is supported by sufficient evidence for a rational jury to find him guilty beyond a reasonable doubt. Accordingly, IT IS ORDERED that Metelus' Rule 29 motion made at the close of the government's evidence, and renewed at the close of all evidence, is DENIED.

DATED this 13th day of February, 2025.

07:53 A.M.
Donald W. Molloy, District Judge
United States District Court