IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24-34-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| STEVENSON METELUS, | |
| Defendant. | |

On February 12, 2025, a jury found Defendant Stevenson Metelus guilty of

attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b).

(Doc. 66.)  This statute, in relevant part, states:

> Whoever, using . . . any facility or means of interstate . . .
> commerce . . . within . . . the United States knowingly persuades,
> induces, entices, or coerces any individual who has not attained the age
> of 18 years, to engage in prostitution or any sexual activity for which
> any person can be charged with a criminal offense, or attempts to do so,
> *shall be* fined under this title and *imprisoned not less than 10 years* or
> for life.

18 U.S.C. § 2422(b) (emphasis added).  Metelus argues that, as applied to

him, this 10-year mandatory minimum sentence violates the Eighth

Amendment's prohibition against cruel and unusual punishment.  (Doc. 73

at 1–12.)  That argument fails on the merits for the reasons stated below.

Nevertheless, as discussed on the record at Metelus' June 24, 2025

sentencing, the particular facts and circumstances of this case demonstrate the unjust punishment that results from the imposition of this rigid statutory mandate.

ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. The Cruel and Unusual Punishments Clause "contains a narrow proportionality principle that does not require strict proportionality between crime and sentence but rather forbids only extreme sentences that are grossly disproportionate to the crime.'" *Graham v. Florida*, 560 U.S. 48, 59–60 (2010) (internal quotation marks omitted). When an as-applied challenge has been asserted, courts utilize a successive two-step test to determine whether punishment is cruel and unusual in violation of the Eighth Amendment. *Id.* at 60. First, courts "compar[e] the gravity of the offense with the severity of the sentence" through "consider[ation] of all the circumstances in the case[.]" *Id.* at 59–60. Then, "in the rare case in which this threshold comparison leads to an inference of gross disproportionality the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* at 60 (cleaned up). Notably, the Ninth Circuit has twice addressed whether § 2422(b)'s mandatory minimum violates the Eighth Amendment: *United States v. Shill*, 740

2

F.3d 1347 (9th Cir. 2014) (categorical challenge) and *United States v. Erickson*,

546 F. App'x 627 (9th Cir. 2013) (as-applied challenge).  In both cases, the court

upheld the constitutionality of § 2422(b)'s mandatory minimum.

Metelus argues the Court is not bound by *Shill* and *Erickson* and that, under

the *Graham* test, his circumstances demonstrate the mandatory minimum

enshrined in § 2422(b) is unconstitutionally cruel and unusual as applied here.

Although Metelus is correct that neither *Shill* nor *Erickson* is binding and the facts

here are distinguishable from the facts of those cases, application of the *Graham*

test shows that the imposition of § 2422(b)'s mandatory minimum to Metelus is

not grossly disproportionate to his offense conduct and, accordingly, does not

violate the Eighth Amendment.

As a threshold matter, the Supreme Court has consistently upheld mandatory

minimum sentences in noncapital cases, *e.g.*, *Harmelin v. Michigan*, 501 U.S. 957,

995 (1991); *Ewing v. California*, 538 U.S. 11, 29–30 (2003), and the Ninth Circuit

has generally recognized the grave harm resulting from sex crimes against

children, *see United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007); *United

States v. Sandcrane*, 311 Fed. App'x 54, 56 (9th Cir. 2009).

As to all the particular circumstances of this case, Metelus' arguments are

addressed in turn.  "Lisa" is the persona created by the FBI and whose image was

displayed in the advertisement to which Metelus responded.  (PSR ¶ 8.)

3

First, Metelus' assertion that he "ceased sexual conversation with 'Lisa' upon learning her age[,]" (Doc. 73 at 8), is misleading.  Indeed, after Lisa messaged that she was 14 years old, Metelus responded, "[y]ou're 14?" (Ex. 5 at 2.)  Lisa then confirmed her age, and Metelus stated "[h]mmm [i]dk." (*Id.* at 3.)  In her next message, Lisa said, "[o]k, I get it. I don't want any trouble." (*Id.*)  Metelus then responded, "U have a hotel room???" (*Id.*)

Second, Metelus' argument that the "only reason" he "ended up in front of the Court is because law enforcement posted an ad for an adult prostitute, and then rug-pulled him once prices and services were negotiated[,]" (Doc. 73 at 9), is reductive.  After Lisa stated she was 14 years old, (Ex. 5 at 2), Metelus messaged her regarding payment terms.  He inquired, "I have cashapp?" (*Id.* at 5.)  Then, using what government agents[1] testified was common jargon in sex work, Metelus stated that he wanted "company" and that he would "donate for [that] company." (*Id.* at 8.)  Metelus explained that "[c]ompany is the lingo" and then asked Lisa if she had a pimp.  (*Id.* at 9.)

Third, Metelus' assertion his arrival to meet Lisa without cash or a condom indicated benign intentions, (Doc. 73 at 10), is undermined by the fact that neither cash nor a condom is required to commit the offense for which he has been

---

[1] FBI Special Agent Aaron Eisner; FBI Special Agent Brandon Walter; FBI Task Force Officer Guy Baker.

convicted, *see* 18 U.S.C. § 2422(b).

Fourth, Metelus' statement that he has no criminal history, is an honorably discharged U.S. Marine, and that there is no victim of this offense, (Doc. 72 at 10), does not shift the proportionality analysis in his favor. Indeed, in *Erikson*, the Ninth Circuit found that despite "the relatively marginal nature of [the] case, the lack of a true victim,[2] and [the defendant's] personal history and characteristics[,]" § 2422(b)'s mandatory minimum was not "grossly disproportionate under the Eighth Amendment." 546 Fed. App'x at 629.

Lastly, although Metelus is correct that § 2422(b) is written to capture "a broad and far-reaching spectrum of conduct[,]" (Doc. 73 at 8), Congress chose to expressly impose a mandatory minimum of 10-years of imprisonment for any such conduct, regardless of where it lands on the spectrum, *see United States v. Savinovich*, 845 F.2d 834, 840 (9th Cir. 1988) ("In reviewing sentences under the eighth amendment, we must grant 'substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes.'" (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983))).

Ultimately, as the Ninth Circuit recognized in *Erikson*, it is possible for the imposition of § 2422(b)'s mandatory minimum to be "undoubtably harsh" without

---

[2] The offense conduct in *Erickson* involved "a regressed image of a female" and a law enforcement officer "representing himself as a fourteen year-old girl." *United States v. Erickson*, 2012 WL 4194504 at *1 (D. Nev. Sept. 18, 2012).

rendering it "grossly disproportionate under the Eighth Amendment." 546 Fed.
App'x at 629. This is the case here. The imposition of the mandatory minimum to
Metelus is harsh and unjust given the particular circumstances of the case, but it
does not violate the Eighth Amendment. *See Harmelin*, 501 U.S. at 995 (holding a
sentence is not cruel and unusual "simply because it is mandatory"). Because the
two-step test under *Graham* is conjunctive, there is no need to engage in a
jurisdiction comparison. *See* 560 U.S. at 60.

### CONCLUSION

Because imposing § 2422(b)'s 10-year mandatory minimum on Metelus
does not violate the Eighth Amendment, Metelus' as-applied challenge lacks merit
and his request for a downward departure is rejected.

DATED this _24_ day of June, 2025.

_____
Donald W. Molloy, District Judge
United States District Court